**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| RODERICK CHAMBERLAIN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 1:25-CV-123 (LAG) |
| | : | |
| CITY OF ALBANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion to Strike Portions of Defendant's Answer Pursuant to Fed. R. Civ. P. 12(f) (Motion to Strike). (Doc. 5). Plaintiff filed his Complaint on August 27, 2025. (Doc. 1). Defendant filed its Answer on September 26, 2025. (Doc. 3). On October 3, 2025, Plaintiff filed the Motion to Strike. (Doc. 5). Defendant responded on October 17, 2025 (Doc. 8), and Plaintiff replied on October 22, 2025 (Doc. 12). The Motion to Strike is now ripe for review. *See* M.D. Ga. L.R. 7.3(A).

Federal Rule of Civil Procedure 12(f) allows a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Under Rule 7(a), an answer is a pleading. "In evaluating a motion to strike, the court must treat all well-pleaded facts as admitted and cannot consider matters beyond the pleadings." *Cherry v. Crow*, 845 F. Supp. 1520, 1524 (M.D. Fla. 1994) (citation omitted). Striking material from a party's pleading under Rule 12(f) is an extreme and disfavored measure. *See E.E.O.C. v. Joe Ryan Ent., Inc.*, 281 F.R.D. 660, 662 (M.D. Ala. 2012); *Daugherty v. Firestone Tire & Rubber Co.*, 85 F.R.D. 693, 695 (N.D. Ga. 1980). Motions to strike are often "considered 'time wasters[.]'" *Bush v. Barnett Bank of Pinellas County*, 916 F. Supp. 1244, 1249 (M.D. Fla. 1996) (citation omitted); *Parsons v. Nationwide Mut. Ins. Co.*, 889 F. Supp. 465, 470 (M.D. Fla. 1995). Furthermore, where there is "no showing of prejudice to the moving party, courts generally are not willing to

determine disputed and substantial questions of law upon a motion to strike." *Bush*, 916 F. Supp. at 1249. Plaintiff asks the Court to strike 6 portions of Defendant's Answer, as well as "[a]ny other affirmative defenses that are premised solely on bare legal conclusions[.]" (Doc. 5 at 1). Plaintiff contends that Defendant's affirmative defenses are "insufficiently pled, immaterial, or legally inadequate." (*Id.*).

As a threshold matter, the Court addresses the fact that Plaintiff cites non-existent cases in support of his argument. Courts generally construe filings by *pro se* litigants liberally, but *pro se* litigants must comply with the Federal Rules of Civil Procedure and the Local Rules. *See Moton v. Cowart*, 631 F.3d 1337, 1340 n.2 (11th Cir. 2011). All litigants, including those proceeding *pro se*, have affirmative duties under Rule 11:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; [and]
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b). "While there is no general prohibition on using [artificial intelligence] during the course of litigation, Plaintiff [must] ensure he is not citing to fake opinions in his filings." *Gordon v. Wells Fargo Bank N.A. Inc.*, No. 5:24-CV-388 (CAR), 2025 WL 1057211 (M.D. Ga. Apr. 8, 2025). Failure to comply with Rule 11 and other

rules of this Court may result in serious penalties, which could include monetary penalties and dismissal of this action.

In Plaintiff's Motion to Strike, he makes "mostly perfunctory arguments that the defenses in question are legally insufficient." *See Philogene v. Aldridge Connors, LLC*, No. 1:12-CV-3095-TCB-JSA, 2013 WL 12382487, at *2 (N.D. Ga. May 16, 2023). Plaintiff fails adequately to argue how Defendant's defenses are insufficient. Rule 8(b)(1)(A) requires a defendant to "state in short and plain terms its defenses to each claim asserting against it[.]" "Under federal standards of notice pleading . . . [t]he pleading need only give fair notice of the asserted [defenses.]" *Ekokotu v. Federal Express Corporation*, No. 1:08-CV-3238-BBM-GGB, 2009 WL 10668643 (N.D. Ga. Mar. 26, 2009) (citations omitted). Defendant's defenses are sufficiently pled to provide Plaintiff with fair notice of the defenses to be asserted against him.[1]

Accordingly, the Motion to Strike (Doc. 5) is **DENIED**.

**SO ORDERED**, this 1st day of May, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] While the Court finds that there is no basis to strike these defenses from the Answer, the Court has not determined whether such defenses are meritorious.

3